**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARMEN DOLORES PEREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>APOLLO EDUCATION GROUP, INC., et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00605 - AWI - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Docs. 2, 4)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

    Carmen Dolores Perez ("Plaintiff") seeks to proceed *pro se* and *in forma paupris* with an action against Apollo Education Group, Inc., doing business as the University of Phoenix, and the "MSC/MFCT Counseling Department located at University of Phoenix." (Doc. 1 at 1.) For the following reasons, Plaintiff's complaint is **DISMISSED** with leave to amend.

**I.    Motion to proceed in forma pauperis**

    The Court may authorize the commencement of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed the applications and has determined Plaintiff has made an adequate showing of indigence to satisfy the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's motions to proceed *in forma pauperis* (Docs. 2, 4) are **GRANTED**.

///

## II. Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claims in a plain and succinct manner. *Jones v. Cmty Redevel. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer

possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume the truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### IV. Factual Allegations

Plaintiff asserts she was enrolled at the University of Phoenix and took classes at its Bakersfield location. (Doc. 1 at 1.)  She alleges that she took a "Portfolio I" course, which was required to enter the university's Master's in Science Counseling/Marriage, Family, and Child Therapy Program ("the Program") through which she could obtain a counseling degree. (*Id.* at 1-3.) Plaintiff asserts she had a meeting after the last session with Silvia White, Program Director, and Ruth Miles, Facilitator. (*Id.* at 1.) Ms. White and Ms. Miles told Plaintiff she "could not move forward in the program until [she] completed sixth months of therapy." (*Id.* at 2.)

According to Plaintiff, "[n]othing in the MSC Program Handbook states six months of therapy to be a prerequisite to acceptance into the program." (Doc. 1 at 2.) Ms. White and Ms. Miles critiqued Plaintiff's oral presentation, stating she "never discussed . . . why [she] was seeking a counseling degree." (*Id.*) However, Plaintiff said she "clearly stated that [she] was inspired to help soldiers because of [her] military background and interactions with wounded soldiers." (*id.*) Further, Plaintiff asserts Ms. White and Ms. Miles told her she had been "insensitive to the other students in the class," because she showed "graphic images … of wounded soldiers with missing limbs." (*Id.*) Plaintiff alleges also that during the meeting,

> Ms. White stated that I had not disclosed why I had been placed in the 692 bldg, a high-risk barracks facility for suicidal and homicidal soldiers. Both Ms. White and Ms. Miles persistently prodded me to disclose the reasons for my medical separation from the military, and led me to believe that I was in error because I had not disclosed my disability (ies) to the class.

(*Id.* at 2.)

Plaintiff asserts that the Program requires assessment of five areas: professional behavior,

counseling skills, oral presentation skills, writing content, and writing mechanics.  (Doc. 1 at 3.)  Plaintiff alleges that during the meeting with Ms. White and Ms. Miles, Plaintiff informed the Program Director and Facilitator that she "met 4/5 of the criteria for acceptance into the program and that only 3/5 was needed." (*Id.*)  Specifically, according to Plaintiff, feedback from Ms. Miles regarding a project and her class participation demonstrates Plaintiff "met the professional behavior, writing content, and writing mechanics" requirements.[1]  (*Id.* at 4.)  Further, Plaintiff alleges that feedback "after the final test in a role play prove[d] that [she] also met the counseling skills requirement." (*Id.*)  However, Ms. White responded that "she was failing [Plaintiff] on professionalism." (*Id.*)

Plaintiff alleges that during the meeting, she was told also that she was "not open enough," "too guarded," and failed to "share enough personal information."  (Doc. 1 at 4, internal quotation marks omitted.)  Ms. White and Ms. Miles expressed concern that Plaintiff would "be 'further damaged' by the program," and stated she "needed to be in intensive therapy for six months."  (*Id.* at 4-5.)

## V.     Discussion and Analysis

Plaintiff asserts Defendants are liable for violations of the Americans with Disabilities Act ("ADA") Title II and the Rehabilitation Act ("RA") for refusing to admit her to the Program.  (Doc. 1 at 1.)  Both the ADA and RA prohibit discrimination on the basis of disability.  The Ninth Circuit explained that "[t]he ADA applies only to public entities, whereas the RA proscribes discrimination in all federally-funded programs." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

Title II of the ADA provides in relevant part: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  To state a cognizable claim for a violation of Title II, a plaintiff allege "(1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of her disability." *Lovell*, 303 F.3d 1052 (citing *Weinrich v.*

---

[1] Notably, review of the comments provided by Plaintiff contains critiques of her writing mechanics, because Plaintiff used run-on sentences and failed to "end [her] paper with a concluding paragraph." (Doc. 1 at 6.)  Although Ms. Miles opined Plaintiff's level of writing was "on track," she recommended a writing tutorial on sentence structure. (*Id.*)

*Los Angeles County Metro. Transp. Autho.*, 114 F.3d 976, 978 (9th Cir. 1997).  To state a claim under the RA, a plaintiff must allege also that the Program "receives federal financial assistance." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).  Both the ADA and RA require a plaintiff to allege intentional discrimination by the defendant.  *Lovell*, 303 F.3d 1052*; Duvall*, 260 F.3d at 1138.  To state a claim under the RA, a plaintiff must allege also that the Program "receives federal financial assistance."  *Duvall*, 260 F.3d at 1135.

Here, Plaintiff alleges she has a disability and has been denied participation in the Program.  However, Plaintiff has failed to allege that the denial was *because of* her disability.  Indeed, Plaintiff has alleged that she was told she could not be in the Program for failing professionalism, and for not satisfying the prerequisites.  If this is not the case, she must allege facts that would demonstrate that these reason were a pretext for the discrimination.  Moreover, Plaintiff's claim for a violation of the RA fails because she does not allege the Program is funded, at least in part, by the federal government.

## VI.     Conclusion and Order

A plaintiff should be granted leave to amend when the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle her to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Because the Court cannot find with certainty that amendment would be futile, or that Plaintiff is unable to state claims for violations of the ADA and RA, Plaintiff will be given leave to file a First Amended Complaint.  *See Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile); *see also Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff is advised that an amended complaint supersedes the original complaint.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  The amended pleading must be "complete in itself without reference to the prior or superseded

pleading." Local Rule 220.  Once Plaintiff files a First Amended Complaint, the original pleading no longer serves any function in the case.  The document must bear the docket number assigned this case and must be labeled "First Amended Complaint."

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**;
2. Plaintiff's Complaint is **DISMISSED with leave to amend**;
3. Within 21 days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint; and
4. <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order pursuant to Local Rule 110</u>.

IT IS SO ORDERED.

Dated:   **May 19, 2014**             /s/ Jennifer L. Thurston
                                                  UNITED STATES MAGISTRATE JUDGE