UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN DOLORES PEREZ, ) | Case No.: 1:14-cv-00605 - AWI - JLT |
| Plaintiff, ) ) | ORDER DISMISSING PLAINTIFF'S FIRST COMPLAINT WITH LEAVE TO AMEND |
| v. ) | |
| APOLLO EDUCATION GROUP, INC., et al., ) ) | |
| Defendants. ) ) | |

Carmen Dolores Perez ("Plaintiff") seeks to proceed *pro se* and *in forma paupris* with an action against Apollo Education Group, Inc., doing business as the University of Phoenix, and the MSC/MFCT Counseling Department located at University of Phoenix. (Doc. 6 at 1.) For the following reasons, Plaintiff's First Amended Complaint is **DISMISSED** with leave to amend.[1]

**I.   Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the action is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). The Court must screen the First Amended

---

[1] Plaintiff initiated this litigation by filing her complaint on April 25, 2014. (Doc. 1) However, before the Court could screen that complaint for cognizable claims, Plaintiff filed her First Amended Complaint. (Doc. 6) Thus, the first amended complaint is the operative complaint for purposes of this screening.

1

Complaint because an amended complaint supersedes the previously filed complaint.  *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

### III.	Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief.  Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claims in a plain and succinct manner.  *Jones v. Cmty Redevel. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted).  Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume the truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

///

### IV. Factual Allegations

Plaintiff asserts she was enrolled at the University of Phoenix and taking classes at its Bakersfield location. (*See* Doc. 6 at 1-2.)  She alleges that she took a "Portfolio I" course, which was required to enter the university's Masters in Science Counseling/Marriage, Family, and Child Therapy Program ("the Program") through which she could obtain a counseling degree. (*Id.* at 2.)  Plaintiff alleges that admittance into the Program "requires a Bachelor's Degree with at least a 2.5 GPA" and positive evaluations in at least two of the following areas: professional behavior, counseling skills, oral presentation skills, writing content, and writing mechanics. (*Id.* at 2, 6, 10.)

The Portfolio I course was "a credit/no credit class," which required the students to make an oral presentation. (Doc. 6 at 3, 8.)  Plaintiff alleges that during the presentation, she mentioned being "placed in the 692 bldg, a high-risk barracks facility for suicidal and homicidal soldiers… in order to make [her] point about why [she] wanted to help soldiers." (*Id.* at 4.)  In addition, she showed images "of wounded warriors with missing limbs (who had received medical attention)." (*Id.* at 9.)  Plaintiff asserts Ruth Miles, Program Facilitator, gave the following "final comment" after her presentation:

> Ultimately the instructors of the course will make a decision based on a variety of factors. Usually I just give full credit to note that you effectively passed the portion of this course. However, in this case I deducted points to draw attention to some significant concerns during the presentation. The presentation was 26 minutes long, which was almost twice the maximum length it was meant to be. I know you mentioned prior to the presentation that you were concerned you might be all over the place with your points. As long as the points are clear and you are able to connect them, then the variation is fine. However, in this case we often found the points to be unclear, the direction of the presentation to be confusing and the overall ideas to feel disconnected from one another. I do love your passion in general, and this is a strength of yours when you speak. It is also great to move around, which you did. However, be careful that you are not pacing. At times you began pacing, thinking out loud, and seemed to lose track of engaging the audience. You had some very impacting pictures, but you were not always sure about the purpose or points behind them. Also, always forewarn an audience if you are showing any kind of graphic pictures, even if they are mild compared to others. That is something I have learned the hard way from my own experience. Again, you are a wonderfully creative and passionate woman with interesting experiences. The presentation though needed a lot more organization and structure, as well as clear and concise points.

(Doc. 6 at 8-9.)  Plaintiff asserts that after reading Ms. Miles' comments, she told other students she "had already been denied entrance into the program." (*Id.* at 5.)  Plaintiff alleges the other students reminded her "that nobody had ever been denied entrance into the program." (*Id.*)

Plaintiff alleges she attended her final evaluation meeting with Ms. Miles and Silvia White, the Program director, on March 4, 2014. (Doc. 6 at 5.) Plaintiff asserts that during her conversation with Ms. Miles and Ms. White, she was told that she "was insensitive to the other students in the class because [she] showed graphic images." (*Id.* at 9.) In addition, Plaintiff was told that she "was not 'open enough, that [she] was too 'guarded' and did not 'share enough personal information' about [herself] in the class." (*Id.* at 11.) Plaintiff alleges she informed Ms. White and Ms. Miles that she "met 4/5 of the criteria for acceptance into the program and that only 3/5 was needed." (*Id.* at 7, emphasis omitted.) Specifically, according to Plaintiff, feedback from Ms. Miles regarding a project and her class participation demonstrates Plaintiff "met the professional behavior, writing content, and writing mechanics" requirements.[2] (*Id.* at 11.) Plaintiff alleges feedback "after the final test in a role play prove[d] that [she] also met the counseling skills requirement." (*Id.*) However, Ms. White informed Plaintiff that she failed "professionalism," "which must be passed in order to pass any/all of the areas." (*Id.*) Further, Plaintiff asserts Ms. White and Ms. Miles said she "could not move forward in the program until [she] completed sixth months of therapy." (*Id.* at 2.)

## V.     Discussion and Analysis

Plaintiff asserts Defendants are liable for violations of the Americans with Disabilities Act ("ADA") Title II and the Rehabilitation Act ("RA") for refusing to admit her to the Program. (Doc. 1 at 1.) Both the ADA and RA prohibit discrimination on the basis of disability. The Ninth Circuit explained that "[t]he ADA applies only to public entities, whereas the RA proscribes discrimination in all federally-funded programs." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

Title II of the ADA provides in relevant part: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a cognizable claim for a violation of Title II, a plaintiff allege "(1) she is a

---

[2] Notably, review of the comments provided by Plaintiff contains critiques of her writing mechanics, because Plaintiff used run-on sentences and failed to "end [her] paper with a concluding paragraph." (Doc. 6 at 11.) Although Ms. Miles opined Plaintiff's level of writing was "on track," she recommended a writing tutorial on sentence structure. (*Id.* at 13.)

qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of her disability." *Lovell*, 303 F.3d 1052 (citing *Weinrich v. Los Angeles County Metro. Transp. Autho.*, 114 F.3d 976, 978 (9th Cir. 1997). To state a claim under the RA, a plaintiff must allege also that the Program "receives federal financial assistance." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). Both the ADA and RA require a plaintiff to allege intentional discrimination by the defendant. *Lovell*, 303 F.3d 1052*; Duvall*, 260 F.3d at 1138. To state a claim under the RA, a plaintiff must allege also that the Program "receives federal financial assistance." *Duvall*, 260 F.3d at 1135.

Here, Plaintiff alleges she has a disability and has been denied participation in the Program. Although Plaintiff concludes the refusal to grant admittance into the Program was *because of* her disability, she failed to allege facts that support the conclusion. Rather, the facts alleged demonstrate that Ms. Miles critiqued Plaintiff's writing skills and recommended a writing tutorial. (*See* Doc. 6 at 13.) In addition, Ms. Miles found Plaintiff's oral presentation skills lacking because Plaintiff's points were "unclear, the direction of the presentation [was] confusing, and the overall ideas … [felt] disconnected from one another." (*Id.* at 8.) Further, Ms. Miles observed that Plaintiff "seemed to lose track of engaging the audience" and failed to be "clear about the purpose or points" behinds the images shown. (*Id.* at 9.) Finally, Ms. Miles noted Plaintiff's presentation was "almost twice the maximum length it was meant to be." (*Id.* at 8.) Ultimately, Plaintiff has alleged that she was told she could not be in the Program for failing professionalism and not satisfying the prerequisites.

Though Plaintiff alleges the school officials required her to complete six months of counseling before she'd be permitted to advance in the program (Doc. 6 at 2), there are insufficient facts alleged to demonstrate that this requirement was unique to her or that the requirement was imposed in a discriminatory manner. Thus, Plaintiff has not alleged facts that support a conclusion that the underlying intent for the school's determination that she would not advance in the program was to discriminate against her based upon her disability.

///

///

5

### VI.     Conclusion and Order

A plaintiff should be granted leave to amend when the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle her to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Because the Court cannot find with certainty that amendment would be futile, or that Plaintiff is unable to state claims for violations of the ADA and RA, Plaintiff will be given leave to file a Second Amended Complaint. *Lopez v. Smith,* 203 F.3d 1122, 1127-28 (9th Cir. 2000) (dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile); *see also Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The Second Amended Complaint must comply with the requirement of Rule 8 of the Federal Rules of Civil Procedure, and given the defendants fair notice of Plaintiff's claims. Plaintiff is advised that legal conclusions in the pleading are not entitled to an assumption of truth, but rather must have factual support. *Iqbal*, 556 U.S. at 679.

Plaintiff is reminded that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The amended pleading must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files a Second Amended Complaint, the other pleadings no longer serves any function in the case. The document must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's First Amended Complaint is **DISMISSED with leave to amend**;
2. Within 21 days from the date of service of this order, Plaintiff **SHALL** file a Second Amended Complaint; and

3. <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order pursuant to Local Rule 110</u>.

IT IS SO ORDERED.

Dated: **June 18, 2014**                              **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE