1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

11  CARMEN DOLORES PEREZ,                     ) Case No.: 1:14-cv-00605 - AWI - JLT
                                              )
12          Plaintiff,                        ) ORDER FINDING COGNIZABLE CLAIMS AND
                                              ) DIRECTING SERVICE OF PLAINTIFF'S
13          v.                                ) SECOND AMENDED COMPLAINT
                                              )
14  APOLLO EDUCATION GROUP, INC., et al.,     )
                                              )
15          Defendants.                       )
                                              )
16  _____       )

17          Carmen Dolores Perez ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with an action

18  against Apollo Education Group, Inc., doing business as the University of Phoenix, and the MSC/

19  MFCT Counseling Department located at University of Phoenix.  (Doc. 8 at 1.)  For the following

20  reasons, the Court finds service of Plaintiff's Second Amended Complaint is appropriate.

21  **I.      Screening Requirement**

22          When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and

23  shall dismiss the case at any time if the Court determines that the action is "frivolous, malicious or

24  fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant

25  who is immune from such relief."  28 U.S.C. 1915(e)(2).  The Court must screen the Second Amended

26  Complaint because an amended complaint supersedes the previously filed complaints.  *See Forsyth v.*

27  *Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

28  ///

1

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief.  Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claims in a plain and succinct manner. *Jones v. Cmty Redevel. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

 *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted).  Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume the truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

## III.     Discussion and Analysis

Plaintiff asserts she is "a qualified individual with a disability" based upon an undescribed medical condition, and was enrolled at the University of Phoenix, taking classes at its Bakersfield

location.  (*See* Doc. 8 at 1-2, 3.)  She alleges that she took a "Portfolio I" course, which was required to enter the university's Masters in Science Counseling/Marriage, Family, and Child Therapy Program ("the Program") through which she could obtain a counseling degree.  (*Id.* at 2.)  Plaintiff alleges that she "passed 4/5 of the tested areas," and that admittance into the Program required "that only 2/5 areas … be met."  (*Id.*)  However, Plaintiff was denied entrance into the Program.  (*Id.*)  Plaintiff alleges that she was informed that she "could not move forward in the program until [she] competed six months of 'intense therapy,' at which point [she] could reapply."  (*Id.*)  According to Plaintiff, no one else was denied entrance into the Program.  (*Id.*)  Further, Plaintiff reports that "[n]one of the other students were required to undergo therapy sessions prior to acceptance into the program."  (*Id.*)  Based upon these facts, Plaintiff asserts the defendants are liable for violation of the Americans with Disabilities Act ("ADA") Title II and the Rehabilitation Act ("RA") for refusing to admit her to the Program.  (*Id.* at 1.)

Title II of the ADA provides in relevant part: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To state a cognizable claim for a violation of Title II, a plaintiff allege "(1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of her disability."  *Lovell*, 303 F.3d 1052 (citing *Weinrich v. Los Angeles County Metro. Transp. Autho.*, 114 F.3d 976, 978 (9th Cir. 1997).  To state a claim under the RA, a plaintiff must allege also that the Program "receives federal financial assistance."  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).  Both the ADA and RA require a plaintiff to allege intentional discrimination by the defendant.  *Lovell*, 303 F.3d 1052*; Duvall*, 260 F.3d at 1138.  To state a claim under the RA, a plaintiff must allege also that the program "receives federal financial assistance."  *Duvall*, 260 F.3d at 1135.

Here, Plaintiff alleges she has a disability and has been denied participation in the Program based upon her disability.  In addition, Plaintiff asserts that she was the only individual who was denied entrance, and that her exclusion from the Program was because of her disability.  (Doc. 8 at 2-3.)  According to Plaintiff, the University of Phoenix is "an institution of higher learning receiving federal

financial assistance." (*Id.* at 1-2.)  Plaintiff alleged sufficient facts to support claims for violations of the ADA and RA by the defendants.

**IV.    Conclusion and Order**

Because Plaintiff has stated cognizable claims for violations of the ADA and RA, service of the Second Amended Complaint is appropriate.  Accordingly, **IT IS HEREBY ORDERED**:

1.    Service of Plaintiff's Second Amended Complaint (Doc. 8) shall be initiated upon Apollo Education Group, Inc./University of Phoenix;

2.    The Clerk of Court is DIRECTED to send Plaintiff two (2) USM-285 form, two (2) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the Second Amended Complaint filed June 30, 2014;

3.    Within twenty-one (21) days from the date of this order, Plaintiff **SHALL** complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

   a.    One completed summons for each defendant;

   b.    One completed USM-285 form for each defendant; and

   c.    Three (3) copies of the Second Amended Complaint;

4.    The U.S. Marshal is DIRECTED to serve a copy of the Second Amended Complaint, summons, and this order upon the defendants as directed by Plaintiff in the USM forms.

5.    <u>Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed pursuant to Local Rule 110.</u>

IT IS SO ORDERED.

Dated:   **July 7, 2014**                                **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE