UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN DOLORES PEREZ, <br><br> Plaintiff, <br><br> v. <br><br> APOLLO EDUATION GROUP, INC., et al., <br><br> Defendants. | Case No.: 1:14-cv-00605- AWI - JLT <br><br> ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION <br><br> (Doc. 12) |

Defendant Apollo Education Group/ University of Phoenix seeks to compel arbitration and stay this action initiated by Plaintiff Carmen Dolores Perez. (Doc. 15.) Plaintiff filed her opposition to the motion on October 6, 2014 (Doc. 16), to which Defendant replied on October 30, 2014 (Doc. 18). The Court heard oral arguments of the parties on November 6, 2014. For the following reasons, Defendant's motion to compel arbitration is **GRANTED**.

I.      **Relevant Factual and Procedural History**

Plaintiff alleges she is "a qualified individual with a disability" based upon an unidentified medical condition, and was enrolled at the University of Phoenix, taking classes at its Bakersfield location. (*See* Doc. 8 at 1-2, 3.) She alleges that she took a "Portfolio I" course, which was required to enter the university's Masters in Science Counseling/Marriage, Family, and Child Therapy Program ("the Program") through which she could obtain a counseling degree. (*Id.* at 2.) Plaintiff alleges that she "passed 4/5 of the tested areas," and that admittance into the Program required "that only 2/5 areas

1

... be met." (*Id.*) However, Plaintiff was denied entrance into the Program. (*Id.*) Plaintiff alleges that she was informed that she "could not move forward in the program until [she] competed six months of 'intense therapy,' at which point [she] could reapply." (*Id.*) According to Plaintiff, no one else was denied entrance into the Program. (*Id.*) Further, Plaintiff reports that "[n]one of the other students were required to undergo therapy sessions prior to acceptance into the program." (*Id.*) Based upon these facts, Plaintiff asserts the defendants are liable for violation of the Americans with Disabilities Act and the Rehabilitation Act for refusing to admit her to the Program. (*Id.* at 1.)

On September 22, 2014, Defendant filed the motion to compel arbitration now pending before the Court pursuant to the Federal Arbitration Act. Defendant asserts Plaintiff entered into an arbitration agreement with the University of Phoenix ("the University"), and that her claims fall within the scope of the arbitration agreement. Therefore, Defendant requests that the Court dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, stay the action pending the completion of arbitration. (Doc. 15.)

**II.     Legal Standard**

The Federal Arbitration Act ("FAA") provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A party seeking to enforce arbitration agreement may petition the Court for "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

The Court's role in applying the FAA is "limited to determining whether a valid agreement to arbitrate exists and, if so, whether the agreement encompasses the dispute as issue." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). To determine whether an arbitration agreement encompasses particular claims, the Court looks to the plain language of the agreement, and "[i]n the absence of any express provision excluding a particular grievance from arbitration . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 584-86 (1960). Because the FAA "is phrased in mandatory terms," "the standard for demonstrating arbitrability is not a high one [and] a district court has little discretion to deny an arbitration motion." *Republic of*

*Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991).

"[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). As a result, arbitration should only be denied when "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Tech., Inc. v. Communs. Workers of Am.*, 475 U.S. 643, 650 (1986). It is well-established that "arbitration provides a forum for resolving disputes more expeditiously and with greater flexibility than litigation." *Lifescan*, 363 F.3d at 1011.

### III. The Arbitration Agreement and Terms

On October 24, 2013, Plaintiff applied for entrance into the Program, through which she electronically signed an enrollment agreement that incorporated a dispute resolution procedure and arbitration agreement. (Doc. 15-1, McQuare Decl. ¶ 4.) Pursuant to the terms of the dispute resolution procedure, students were instructed to "first attempt to resolve any dispute or issue" related to issues of discrimination by contacting the "Campus Director of Academic Affairs, campus Director of Operations, Campus Director of Student Services, or their respective designee." (Doc. 15-1 at 11.) If the dispute was not resolved at this step, "then prior to proceeding to Arbitration, all parties [were] encouraged to participate in a formal mediation session." (*Id.* at 12.) Finally, students engaged in a dispute were directed to engage in arbitration. (*Id.*)

Specifically, the arbitration provision, which was "a condition of becoming enrolled with the University, stated:

> This Arbitration Agreement applies to any covered dispute arising out of or related to the student's interactions with the University … Except as it otherwise provides, this Arbitration Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law, and therefore this Arbitration Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial.

(Doc. 15-1, McQuare Decl. ¶ 5; *Id.* at 12.) Plaintiff signed an Acknowledgement of University Dispute Resolution Policy, through which she affirmed that she "carefully read the Dispute Resolution Policy and Procedure found in the Academic Catalog," and she understood and agreed to its terms. (*Id.* at 20.)

Disputes covered by the arbitration provision included "disputes arising out of or relating to interpretation or application of this Arbitration Agreement, including the enforceability, revocability or validity of the Arbitration Agreement or any portion of the Arbitration Agreement." (Doc. 15-1 at 12.) Under the terms of the Agreement, the University would "initially bear the administrative costs associated with the conduct of the Arbitration," excluding "a one-time payment by the student toward these costs equal to the filing the then required by the court of general jurisdiction in the state where the student in question attended the University." (*Id.* at 12-13.)

**IV.    Discussion and Analysis**

   **A.    Validity of the arbitration agreement**

When determining whether a valid and enforceable agreement to arbitrate has been established for the purposes of the FAA, the Court should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Circuit City Stores v. Adams*, 279 F.3d 889, 892 (2002).  Here, it appears the law of the state of California governs the determination of whether the agreement is valid.[1]

Pursuant to California contract law, the elements for a viable contract are "(1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) sufficient cause or consideration." *United States ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999) (citing Cal. Civ. Code § 1550; *Marshall & Co. v. Weisel*, 242 Cal. App. 2d 191, 196 (1966)).  The Supreme Court explained, an agreement to arbitrate may be "invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011).

Under California law, an arbitration agreement may only be invalidated for the same reasons as other contracts.  Cal. Code Civ. Proc. § 1281.  For example, a contract "is unenforceable if it is both

---

[1] Defendant asserts "the Court need not need not address the threshold question of whether a valid and enforceable arbitration agreement exists between Plaintiff and the University" because the Arbitration Provision provides that disputes related to the validity of the Agreement are to be determined by an arbitrator. (Doc. 15 at 13.)  However, the FAA applies only if there is a valid agreement.  *See Lifescan*, 363 F.3d at 1012.

procedurally and substantively unconscionable." *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007)). Procedural unconscionability focuses on "oppression and surprise," while substantive unconscionability focuses upon "overly harsh or one-sided results." *Stirlen v. Supercuts, Inc.*, 51 Cal.App.4th 1519, 1532 (1997) (citations omitted). Both forms of unconscionability must be present in order for a court to find a contract unenforceable, but it is not necessary that they be present in the same degree. *Davis*, 485 F.3d at 1072; *Stirlen*, 51 Cal. App. 4th at 1532. Consequently, "[c]ourts apply a sliding scale: 'the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.'" *Id.* (quoting *Armendariz*, 24 Cal. 4th 83 at 99).

Defendant contends the arbitration agreement is valid under general principles of contract law. (Doc. 15 at 13). On the other hand, Plaintiff asserts the arbitration provision is unconscionable and unenforceable because it has been breached by the University. (Doc. 16 at 1-2.) Because Plaintiff fails to identify a provision breached by the University, the Court focuses only on her assertion that the arbitration agreement is unconscionable.

### 1. Procedural Unconscionability

The threshold issue in for procedural unconscionability "is whether the subject arbitration clause is part of a contract of adhesion." *Stirlen*, 51 Cal. App. 4th at 1532; *see also Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1042 (9th Cir. 2001). A contract of adhesion "is a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Graham v. Scissor-Tail, Inc.*, 28 Cal. 3d 807, 817 (1981). Accordingly, the Court must examine "the manner in which the contract was negotiated and the circumstances of the parties at that time." *Kinney v. United Healthcare Services*, 70 Cal. App. 4th 1322, 1327 (1999). Specifically, the Court questions whether the contract was "imposed on employees as a condition of employment." *Soltani*, 258 F.3d at 1042.

In general, under California law, "[a] finding of a contract of adhesion is essentially a finding of procedural unconscionability." *Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853 (Ct. App. 2001). For example, it is "procedurally unconscionable to require employees, as a condition of employment, to waive their right to seek redress of grievance in a judicial forum." *Ingle v. Circuit*

*City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003); *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal.4th 83, 113 (2000) (explaining an arbitration agreement was procedurally unconscionable because it was imposed on employees as a condition of employment, and there was no opportunity for them to negotiate); *Aral v. Earthlink, Inc.*, 134 Cal.App.4th 544, 557 (2005) (an arbitration clause on a "take it or leave it" basis demonstrates "quintessential procedural unconscionability"); *Martinez v. Master Protection Corp.*, 118 Cal. App. 4th 107 (2004) (finding an arbitration agreement procedurally unconscionable because it was a prerequisite of employment and the employee did not have an "opportunity to negotiate or refuse to sign the arbitration agreement").

Here, the University Catalog informed students that "The Arbitration Agreement [was] a condition of becoming enrolled with the University." (Doc. 15-1 at 12.) Because the arbitration provision was imposed upon students as a condition of enrollment and was offered on a "take it or leave it" basis, the University's Arbitration Provision was procedurally unconscionable. *Circuit City Stores, Inc. v. Adams,* 279 F.3d 889, 893 (9th Cir. 2002).

### 2. Substantive Unconscionability

"Substantive unconscionability addresses the fairness of the term in dispute." *Szetela v. Discover Bank*, 97 Cal. App. 4th 1094, 1100 (Ct. App. 2002). While "parties are free to contract for asymmetrical remedies and arbitration clauses of varying scope," substantive unconscionability "limits the extent to which a stronger party may, through a contract of adhesion, impose the arbitration forum on the weaker party without accepting the forum for itself." *Ting v. AT&T*, 319 F.3d 1126, 1149 (9th Cir. 2003) (quoting *Armendariz*, 24 Cal. 4th at 118). Thus, the focus of the Court's inquiry is whether an agreement is one-sided and will have an overly harsh effect on the party not given an opportunity to negotiate its terms. *Flores*, 93 Cal. App. 4th at 854. The Ninth Circuit instructs courts applying California law to arbitration agreements "look beyond facial neutrality and examine the actual effects of the challenged provision." *Ting*, 319 F.3d at 1149; *see, e.g., Ingle*, 328 F.3d at 1180 (finding an arbitration agreement substantively unconscionable upon review of the agreement's provisions, including claims subject to arbitration, its statute of limitations, class actions, fee and cost-splitting arrangements, remedies available, and termination/modification of the agreement).

///

       *a.*  *Claims subject to arbitration*

An arbitration agreement that compels claims a student is likely to bring but exempts from arbitration claims the university is likely to bring is substantively unconscionable.  *See Ferguson v. Countrywide Credit Indus.*, 298 F.3d 778, 785 (2002) (citing *Mercuro v. Superior Court*, 96 Cal. App. 4th 167, 175-76 (Ct. App. 2002)).  Here, the Program encompasses "dispute[s] arising out of or related to the student's interactions with the University." (Doc. 15-1 at 12.)  Defendant has not excluded claims it may bring against Plaintiff from the arbitration agreement.  Accordingly, the claims subject to arbitration do not appear unconscionable.  *See Ferguson*, 298 F.3d at 784, n.6 (explaining substantive unconscionability may be demonstrated when a defendant seeks to enforce "what is essentially a unilateral arbitration agreement").

       *b.*  *Filing fees and cost arrangement*

An arbitration agreement containing a cost-splitting provision is substantively unconscionable.  For example, the Ninth Circuit found a provision substantively unconscionable when the agreement forced the plaintiffs to pay the filing fee up to a maximum of $125.00 and share costs equally after the first day of arbitration.  *Ferguson*, 298 F.3d at 781*; see also Ingle*, 328 F.3d at 1177-78 (finding a provision substantively unconscionable that stated "each party shall pay one-half of the costs of arbitration following the issuance of the arbitration award").  Similarly, a provision that makes each party bear half the costs of the arbitration "alone would render an arbitration agreement unenforceable." *Circuit City v. Adams*, 279 F.3d 889, 894 (9th Cir. 2002).

In this case, the University requires a student to pay "costs equal to the filing fee then required by the court of general jurisdiction in the state where the student in question attended the University." (Doc. 15-1 at 12-13.)  In addition, the arbitrator is authorized to award costs "in accordance with applicable law." (*Id.* at 13.)  Because the fees and costs provision does not require the student "to bear any *type* of expense that [he or she] would not be required to bear . . . in court," the arrangement is not substantively unconscionable.  *See Armendariz*, 24 Cal. 4th at 110 (emphasis in original).

       *c.*  *Statute of limitations*

When evaluating a statute of limitations set forth in arbitration agreement, "[t]he critical question is whether 'the period fixed is so unreasonable so as to show imposition or undue advantage

in some way.'" *Jackson v. S.A.W. Entm't Ltd.*, 629 F. Supp. 2d 1018, 1028 (N.D. Cal. 2009) (quoting *Moreno v. Sanchez*, 106 Cal. App. 4th 1415, 1430 (2003). Generally, provisions strictly requiring employees to bring all claims within one year are unconscionable. *Adams*, 279 F.3d at 894-95. The University's arbitration provision does not impose a shortened statute of limitations upon the parties, and there is no imposition or undue advantage. Consequently, the statute of limitations provision is not substantively unconscionable.

### d.   Remedies

Remedy provisions that "fail[] to provide for all the types of relief that would otherwise be available in court" by limiting an employee's total and punitive damages are substantively unconscionable. *Adams*, 279 F.3d at 895 (citing *Cole v. Burns Int'l Sec. Servs.,* 105 F.3d 1465, 1482 (9th Cir. 1997)). The Arbitration Agreement grants the arbitrator the authority to "award any party any remedy to which that party is entitled under applicable law." (Doc. 15-1 at 13.) Because the available remedies are not improperly limited, the provision is not substantively unconscionable.

### e.   Unilateral amendment and termination

When provisions of an arbitration agreement permit unilateral amendment or termination of the agreement, even with written notice, the provision is substantively unconscionable. *See, e.g., Ingle*, 328 F.3d at 1179; *Ramirez-Baker v. Beazer Homes, Inc.*, 636 F. Supp. 2d 1008, 1021-22 (E.D. Cal. 2008). The Ninth Circuit explained a provision granting such unilateral amendment or termination "embeds its adhesiveness." *Ingle*, 328 F.3d at 1179.

Here, the arbitration provision grants the University the authority to "revise, modify, or eliminate th[e] Arbitration Agreement" when the university provides "at least thirty (30) days written notice to Students." (Doc. 15-1 at 12.) However, the provision explains "the Arbitration Agreement will not unilaterally revised, modified, or eliminated by the University with respect to any covered dispute after that dispute has been submitted to arbitration." (*Id.*) Thus, the University's ability to avoid pending disputes by amendment is limited. Nevertheless, the University enjoys the right to amend or terminate the dispute resolution program, and "the arbitration agreement affords no such power to [students]." *See Ingle*, 328 F.3d at 1179. Consequently, the provision is substantively unconscionable.

       f.  *Discovery*

California law requires that an arbitration agreement "provide for adequate discovery." *Armendariz*, 24 Cal. 4th 83 at 122. In *Armendariz,* the court observed that parties are "permitted to agree to something less than the full panoply of discovery provided in Code of Civil Procedure section 1283.05." *Id.* at 106. Under the University's dispute resolution program, the parties have the right to conduct discovery, which is not limited by the terms of the agreement. (*See* Doc. 15-1 at 13.) Thus, the discovery terms are not unconscionable.

       g.  *Agreement as a whole*

California law provides: "If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." Cal. Civ. Code § 1670.5(a). Refusing to enforce an arbitration agreement is appropriate "only when an agreement is permeated by unconscionability." *Armendariz*, 24 Cal.4th 83 at 122 (internal quotation marks omitted). Courts often look to whether the offending provisions "indicate a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage." *Id.* at 124; *see also Ferguson*, 298 F.3d at 787-88. For example, the Ninth Circuit found an arbitration agreement was "permeated by unconscionable clauses" where there was a "lack of mutuality regarding the type of claims that must be arbitrated, the fee provision, and the discovery provision." *Ferguson*, 298 F.3d at 788.

Although Plaintiff asserts the agreement is unconscionable because "arbitrators are not bound to uphold the law or take legal precedents into account" (Doc. 16 at 2), this is simply untrue. Further, there is no factual support for Plaintiff's speculation that each of the arbitrators with the American Arbitrators of America has "a substantial conflict of interest" with the University. Rather, the terms of the dispute resolution program are not permeated by unconscionability and do not establish an inferior forum that works to the University's advantage. *See Armendariz*, 24 Cal. 4th 83 at 122.

The only provisions of the Arbitration Agreement appearing substantively unconscionable are those granting unilateral amendment and termination of the dispute resolution program. Significantly,

the provisions regarding amendment and termination are not relevant to Plaintiff's claims, and may be severed from the agreement. *See, e.g., Grabowski v. C.H. Robinson Co.*, 817 F. Supp. 2d 1159 (S.D. Cal. 2011) (finding three substantively unconscionable provisions could be severed from an arbitration agreement which was not "permeated by unconscionability," thus rendering the agreement enforceable); *Stacy v. Brinker Rest. Corp.*, 2012 U.S. Dist. LEXIS 150345, at * 31-32 (E.D. Cal. Oct. 18. 2012) (explaining the single substantively unconscionable provision could be severed because it was "collateral to the Agreement and does not permeate the Agreement with unconscionability"). Accordingly, the provisions governing amendment and termination may be severed, and the arbitration agreement enforced because the terms, taken as a whole, do not appear substantively unconscionable.

### B. The arbitration agreement encompasses the disputes at issue.

To determine whether an arbitration agreement encompasses particular claims, the Court looks to the plain language of the agreement, and "[i]n the absence of any express provision excluding a particular grievance from arbitration . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 584-86 (1960).

Importantly, as the Supreme Court explained, "Parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy. *Rent-A-Center, W., Inc. v. Jackson*, 130 S. Ct. 2772, 2779-80 (2010).  Here, under the terms of the Arbitration Agreement, the parties agreed to arbitrate any dispute related to the Plan, which includes disputes relating to the enforcement or interpretation of its provisions." (Doc. 15-1 at 12). Further, the Arbitration Agreement is applicable to any "dispute arising out of or related to the student's interactions with the University." (*Id*.)  Based upon these broad specifications, it is clear that the issues at dispute–including whether the Agreement is enforceable–are encompassed within the arbitration agreement.

### ORDER

Plaintiff and Defendant entered into a valid arbitration agreement, which encompasses the issues in dispute.  As a result, "there is a presumption of arbitrability" and the motion to compel arbitration should not be denied.  *See AT&T Tech., Inc.*, 475 U.S. at 650.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The amendment and termination clauses is severed from the Arbitration Agreement;
2. Defendant's motion to compel arbitration is **GRANTED**;
3. The matter is **REMANDED** to arbitration; and
4. The Court retains jurisdiction to confirm the arbitration award and enter judgment for the purpose of enforcement.

IT IS SO ORDERED.

Dated:   **November 6, 2014**                    **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE